# United States Court of Appeals
For the Eleventh Circuit

---

No. 06-16230

---

District Court Docket No.
06-00170-CV-TCB-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Nov 8, 2007

THOMAS K. KAHN
CLERK

WILLIAM E. SUMNER,

        Plaintiff-Appellant,

versus

STATE BOARD OF PARDONS AND PAROLES
OF THE STATE OF GEORGIA,
MILTON E. (BUDDY) NIX, JR.,
Chairman,
GARLAND R. HUNT,
Vice-Chairman,
GARFIELD HAMMONDS, JR.,
EUGENE P. WALKER,
L. GALE BUCKNER,
Individually and in their Official
Capacities as Members and Employees of
the State Board of Pardons and Paroles,

        Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: November 8, 2007
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

ISSUED AS MANDATE
DEC 2 6 2007
U.S. COURT OF APPEALS
ATLANTA, GA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

[DO NOT PUBLISH]

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2007
THOMAS K. KAHN
CLERK

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

No. 06-16230

———————————

D. C. Docket No. 06-00170-CV-TCB-1

WILLIAM E. SUMNER,

Plaintiff-Appellant,

versus

STATE BOARD OF PARDONS AND PAROLES
OF THE STATE OF GEORGIA,
MILTON E. (BUDDY) NIX, JR.,
Chairman,
GARLAND R. HUNT,
Vice-Chairman,
GARFIELD HAMMONDS, JR.,
EUGENE P. WALKER,
L. GALE BUCKNER,
Individually and in their Official
Capacities as Members and Employees of
the State Board of Pardons and Paroles,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Georgia

———————————

(November 8, 2007)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

William E. Sumner appeals the district court's discovery order and its grant of summary judgment. Sumner alleges that the Georgia State Board of Pardons and Paroles ("Board") deprived him of liberty without due process when it rescinded its decision concerning the date of his parole. In 2002, Sumner, a former lawyer, pled guilty in the Fulton County Superior Court to fourteen felony counts based on theft from his clients. He was sentenced to fifteen years, with six to serve and the remainder on probation. On August 29, 2005, the Board issued a "Parole Certificate" indicating that Sumner was being paroled and listing his effective parole date as September 12, 2005. The certificate was given to Sumner and signed by him on September 6, 2005. That same day, however, the Board reconsidered Sumner's case and set a new tentative parole date of January 2008.

Sumner filed this action in January 2006, arguing that the Board's revocation of his parole date constituted a deprivation of his liberty interests without due process of law. He sought injunctive relief, as well as monetary damages and attorney's fees. Sumner also sought discovery of his parole file and any information used by the Board in rescinding its parole decision. The district court denied Sumner's discovery motions and granted summary judgment in favor

of the defendants, and this appeal ensued.

On March 19, 2007, the Georgia Court of Appeals vacated Sumner's sentence and remanded the case to the Superior Court for resentencing. *Sumner v. State*, 643 S.E.2d 831 (Ga. Ct. App. 2007). On May 10, 2007, the Superior Court imposed a new sentence and ordered that the remainder of Sumner's sentence be served on probation. Accordingly, Sumner was released from prison. He is not currently incarcerated.

Sumner's release from prison renders his claims for injunctive relief moot. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). "'[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *City of Los Angeles*, 461 U.S. at 102, 103 S. Ct. at 1665 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S. Ct. 669, 676, 38 L. Ed. 2d 674 (1974)). Moreover, "[t]he remote possibility that an event might recur is not enough to

overcome mootness . . . ." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

Given Sumner's release from prison, this court can no longer "give meaningful relief" with respect to his claims seeking an injunction, and therefore those claims are moot. The "remote possibility" that the unusual circumstances giving rise to this action could recur in the future is not sufficient to alter this conclusion. *See Al Najjar*, 273 F.3d at 1336. Accordingly, we must dismiss Sumner's appeal as to his claims for injunctive relief and vacate the portions of the district court's order addressing those claims. *See De La Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003) ("[W]hen an issue in a case becomes moot on appeal, the court not only must dismiss as to the mooted issue, but also vacate the portion of the district court's order that addresses it.").

As to his claims for damages, Sumner did not challenge the district court's denial of those claims in his brief on appeal. Therefore, those claims are deemed abandoned, and we must dismiss his appeal as it pertains to them. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331, 1335 (11th Cir. 2004). Sumner's appeal of the denial of his discovery motions are now moot also because he has no valid appeal of the judgment entered against him on his damage or other claims.

4

Because there are no remaining issues properly before us, we dismiss Sumner's appeal in its entirety. For the reasons discussed above, we vacate the portions of the district court's order addressing Sumner's claims for injunctive relief.

**DISMISSED; VACATED in part.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By /s/ Deputy Clerk
Atlanta, Georgia

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

William E. Sumner
_____
Appellant

vs.

State Board of Pardons and Paroles, et al
_____
Appellee

Case No. 06-16230-HH

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 1 2 2007
THOMAS K. KAHN
CLERK
```

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
DEC 27 2007
JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

Fed.R.App P. 39 and 11th Cir R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | X | | 30 | 7 | 210 | 31 50 | $31.50 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | TOTAL | | $  31 50 REQUESTED | $$31.50 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: November 28, 2007          Signature [signature]

Attorney for: State Board of Pardons and Paroles, Milton Nix, Garland Hunt, Garfield Hammonds, Eugene Walker, and L. Gale Buckner,
(Type or print name of client)

---

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __$31.50__ against __Appellant__

and are payable directly to __Appellee__

Thomas K. Kahn, Clerk

Issued on: DEC 2 7 2007      By: [signature] Deputy Clerk

A True Copy - Attested
Clerk, U.S. Court of Appeals,
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia

MISC-12
(Rev 12/98)

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 27 2007

James N. Hatten
Clerk, U.S. District Court
75 SPRING ST. SW STE 2211
ATLANTA, GA 30303-3318

December 26, 2007

Appeal Number: 06-16230-HH
Case Style: William E. Sumner v. State Board of Pardons
District Court Number: 06-00170 CV-TCB-1

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:

Bill of Costs
    Original Exhibits, consisting of: One Folder
    Original record on appeal or review, consisting of: Three Volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Will Miller (404) 335-6194

Encl.

MDT-1 (06/2006)